UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO: 13-016 |
| v. | * | SECTION:   "F" |
| JAMES W. HENLEY | * | VIOLATION:  18 U.S.C. § 2250(a) |

* * *

## FACTUAL BASIS

Should this matter proceed to trial, both the government and the defendant, **JAMES W. HENLEY**, do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crime to which the defendant is pleading guilty and that the government would prove the following beyond a reasonable doubt at trial:

The government would present evidence that on or about August 18, 1995, **JAMES W. HENLEY** ("HENLEY") entered a plea of guilty to Rape in the Second Degree, in violation of Alabama Code Section 13A-6-62, a Class B felony, in the Covington County Circuit Court, Covington County, Alabama, under Case No. CC-95-162 (see Government's Exhibit 1 attached). On or about the date **HENLEY** was convicted, he was advised that he would have to register as a sex offender for the remainder of his life.   **HENLEY** was required to complete a Notice of Registration Duties of Sexually Oriented Offender or Child-Victim Offender Form (Registration Form) every year.

The government would introduce evidence to establish that from on or about January 23, 2002, continuing through on or about August 10, 2012, **HENLEY** completed approximately 12 Registration Forms. At some time unknown, but after on or about October 2012, **HENLEY** moved from Alabama to Louisiana and failed to notify law enforcement authorities of his move to Louisiana.

Further, the government would present evidence that on or about January 11, 2013, Inspectors from the U. S. Marshal's Service located **HENLEY** in Metairie, Louisiana. Inspectors would introduce evidence to establish **HENLEY's** residency in Louisiana. In addition, civilian witnesses would be called to testify that **HENLEY** was living in Louisiana.

Further, the government would introduce post-*Miranda* statements made by **HENLEY** wherein **HENLEY** voluntarily admitted that he was aware of his Sex Offender Registration requirements and that he did not notify law enforcement officials in Alabama that he was leaving Alabama. **HENLEY** also stated that he had not registered in Jefferson Parish, but was aware that he should have registered.

Further, the government would call witnesses to testify that **HENLEY** had been previously arrested for failure to comply with his registration requirements on at least four occasions and, therefore, **HENLEY** was aware of his responsibility to register as a sex offender.

Further, the government would call a fingerprint examiner to testify that the fingerprints from

**HENLEY's** original Alabama conviction are identical to the fingerprints taken at the time of his

January 2013 federal arrest.


_____          6-12-15
JAMES W. HENLEY                               DATE
Defendant


_____          6/12/13
GEORGE CHANEY, JR.                            DATE
Counsel for Defendant


_____          6/12/13
BRIAN M. KLEBBA                               DATE
Assistant United States Attorney