| | | |
|---|---|---|
| STATE OF ALABAMA, | * | IN THE CIRCUIT COURT OF |
| PLAINTIFF, | * | COVINGTON COUNTY, ALABAMA |
| VS. | * | CASE NO. CC-95-162 |
| JAMES WAYNE HENLEY, | * | |
| DEFENDANT. | * | |

**FILED IN OFFICE**

**AUG 18 1995**

Roy A Powell
CLERK

### ORDER

The Defendant appeared in open Court in person with Honorable Mark Christensen, his attorney, and pleaded guilty to Rape in the Second Degree. Upon his plea of guilty, the Court adjudged the Defendant guilty of Rape in the Second Degree and sentenced the Defendant and/or imposed orders as follows:

(1) The Defendant was sentenced under the Habitual Offender Act (2 priors) to serve fifteen (15) years imprisonment in the Penitentiary of Alabama.

(2) The Defendant was ordered to pay all Court costs including $50.00 to the Victim's Compensation Fund, the fees of his Court appointed attorney and restitution in the amount of Fifteen Dollars ($15.00) to Mary McCormick, 506 3rd Street, Opp, Alabama 36467; Twelve Dollars ($12.00) to Dr. Steven J. Davis, Sr., 511 Brantley Street, Opp, Alabama 36467; and Twenty-Three Dollars ($23.00) to Blue Cross Blue Shield, 450 Riverchase Parkway, East, Birmingham, Alabama 35298.

(3) The Defendant is to be given credit for any time incarcerated on this charge.

Done this 18th day of August, 1995.

_____
CIRCUIT JUDGE

I, Roger A. Powell, Circuit Clerk,
hereby certify this is a true and
correct copy on file in this office.
Dated this the 14th day of
January, 2013

*Roger A. Powell*

Roger A. Powell, Circuit Clerk

| State of Alabama
Unified Judicial System
Form C-43/44(front) Rev. 10/91 | EXPLANATION OF RIGHTS AND
PLEA OF GUILTY
(Felony -- Circuit or District Court) | Case Number
CC-95-162 |

IN THE _____CIRCUIT_____ COURT OF _____COVINGTON_____ COUNTY

STATE OF ALABAMA v. _____James Wayne Henley_____
                                                    Defendant

### TO THE ABOVE-NAMED DEFENDANT:

This is to inform you of your rights as a defendant in this criminal case. Under the charging instrument filed against you in this case, you are charged with the crime of __Rape II__ which is a Class __B__ Felony. In the event you plead guilty to the above crime or are found guilty, the law provides for punishment by imprisonment in the penitentiary for not less than __2 years__ nor more than __20 years__ for such offense and/or by imposition of a fine of not less than $ __0__ nor more than $ __10,000.00__, including the following enhanced sentencing provisions: _____

FILED IN OFFICE
AUG 18 1995
[signature] CLERK

If you have previously been convicted of any one (1) felony, then the imprisonment term must be not less than __10 years__ nor more than __99/Life__ and/or a fine not to exceed $ __20,000.00__ may be imposed. Likewise, if the State proves that you have been convicted of two (2) prior felonies, then the punishment imposed will be a term of imprisonment for not less than __15 years__ nor more than __Life__ and/or a fine not to exceed $ __20,000.00__ may be imposed. And, if the State proves that you have been convicted of three (3) or more prior felonies, then the imprisonment must be for not less than __Life__ nor more than __Life__ and/or a fine not exceeding $ __20,000.00__ may be imposed. If you have been sentenced to imprisonment for another crime, the sentence imposed in this case may run consecutively or concurrently with your other sentence.

You will also be assessed court costs and may be ordered to pay restitution in an amount determined by the Court.

In accordance with §15-23-17, *Code of Alabama 1975*, you will be ordered to pay a victim compensation assessment of not less than $50.00 nor more than $10,000.00.

If you are convicted for a violation of §§13A-12-202, 13A-12-203, 13A-12-204, 13A-12-211, 13A-12-212, 13A-12-213, 13A-12-215, or 13A-12-231, *Code of Alabama 1975*, you will be assessed an additional penalty of $1,000.00 if you are a first offender, or $2,000.00 if this is your second or subsequent offense. Collection of this penalty may be suspended if you agree to enter a drug rehabilitation program approved by the Court and if you agree to pay for all or some portion of the costs of the program. Upon successful completion of the program, you may apply to the Court to reduce the penalty by the amount you actually paid for your participation in the program. If your participation in the program is terminated for any reason before you successfully complete the program, the Court will take action to collect immediately the entire penalty.

If you are charged with an alcohol or drug-related offense, and if you plead guilty or are found guilty, you will be required to undergo an evaluation for alcohol or drug abuse. Based on the results of the evaluation, you will be required to complete the recommended education or treatment and to pay for the evaluation and education or treatment program to which you are referred. Failure to complete the recommended program, which includes paying for it and the evaluation, will be considered a violation of probation or parole. You may be required to attend monitoring sessions with a court referral officer and to pay a monitoring fee. These monitoring sessions would include random alcohol or drug testing. Any person determined to be indigent by the Court may request a waiver of all or part of the fees in this paragraph. If you become able to pay during the course of monitoring, education or treatment, or at another future date, the waiver of fees may be revoked. The Court may order you to perform community service instead of payment of the fees in this paragraph if you are indigent.

 

| Form C-43/44 (back)   Rev. 10/91 | EXPLANATION OF RIGHTS AND PLEA OF GUILTY (Felony -- Circuit or District Court) |
|---|---|

IF YOU HAVE NOT BEEN INDICTED, BY ENTERING A PLEA OF GUILTY IN THIS COURT YOU ARE WAIVING AN INDICTMENT BY A GRAND JURY AND YOU ARE PLEADING GUILTY PURSUANT TO AN INFORMATION FILED BY THE DISTRICT ATTORNEY WHEREIN THE CHARGE AGAINST YOU IS SET FORTH. YOU ARE WAIVING A TRIAL BY JURY AND THE FOLLOWING RIGHTS TO WHICH YOU ARE ENTITLED IN THE EVENT OF A TRIAL:

Under the Constitutions of the United States and the State of Alabama, you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case, you have the right to take the witness stand and testify on your own behalf, if you so desire, but no one can require you to so testify. If you testify, you can be cross-examined by the State. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand trial on your plea of not guilty and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

In the trial of your case, your attorney could subpoena witnesses on your behalf, make legal objections to matters that your attorney felt were objectionable, cross-examine the witnesses of the State, examine your own witnesses, and argue the matter before the jury. Your attorney would be bound to do everything that he or she could honorably and reasonably do to see that you obtain a fair and impartial trial.

In the trial of your case, you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the State convinces each juror, beyond a reasonable doubt, of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror, from the evidence in the case, that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the State does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

You have the right to enter a plea of "guilty," "not guilty," "not guilty by reason of mental disease or defect," or "not guilty and not guilty by reason of mental disease or defect."

IF YOU PLEAD GUILTY, THERE WILL BE NO JURY TRIAL OR TRIAL ON THE ISSUE OF YOUR GUILT AND YOU WILL BE WAIVING THE RIGHTS LISTED ABOVE. YOU STILL, HOWEVER, HAVE THE RIGHT TO APPEAL.

The Court will go over these rights, as well as the nature of the charge and the elements of the offense, with you. If you have any questions about any of them, upon your request, the judge will make a further explanation to you.

I, Roger A. Powell, Circuit Clerk, hereby certify this is a true and correct copy on file in this office.
Dated this the _18th_ day of _January_, 20_13_.

_Roger A. Powell_
Roger A. Powell, Circuit Clerk

_____    _____
Date                      Judge

I state to the Court that I have had the matters and rights set forth above read to me and that my attorney has discussed these matters and rights with me in detail and that I, the defendant, fully understand them; that I am not under the influence of any drugs, medicines or alcoholic beverages and have not been threatened or abused or offered any inducement or hope of reward to get me to plead guilty other than _____.

I further state to the Court that I am guilty as charged in this case, desire to plead guilty, and knowingly, voluntarily and intelligently waive my right to a trial of this cause.

_8/18/95_                 _James Henley_
Date                      Defendant

I certify that the above rights were read to the defendant by me, that I discussed such rights with the defendant, in detail, and that a copy of the above rights was given to the defendant by me. Having gone over the defendant's rights and the consequences of entering a plea of guilty with the defendant, in my judgment, the defendant understands those rights and knowingly, intelligently and voluntarily waives the right to a trial and knowingly, voluntarily and intelligently enters a plea of guilty.

_8/18/95_                 _Mark John Christensen_
Date                      Attorney for Defendant

 

# PLEA AGREEMENT

☒ State of Alabama
☐ Municipality of _____

Case Number: CC-95-162

_____

STATE OF ALABAMA

v.

__James Wayne Henley__
Defendant

In the ____CIRCUIT____ Court

of ____COVINGTON____ County

[The City/Town of _____]

---

After discussion and negotiation between the parties, after a full explanation of rights has been given to defendant as evidenced by the attached Explanation of Rights form, and after such disclosure of information between the parties as each deems sufficient, it is agreed in this case, subject to acceptance by the Court, that:

1. Defendant will enter a plea of guilty:

   ☒ As charged in the ~~complaint~~/~~information~~/indictment.

   ☐ To the charge of _____ and the Prosecutor will move for dismissal with prejudice of all other offenses charged in the complaint/information/indictment.

   **FILED IN OFFICE**
   **AUG 18 1995**
   *Royal A. Powell*
   **CLERK**

2. ☒ The prosecutor will recommend to the Court that the defendant be given a sentence of __15 years__.

   ☐ The prosecutor will not oppose the Court's giving the defendant a sentence of _____.

3. ☐ The prosecutor will recommend to the Court that the sentence given to defendant by the Court be suspended and the defendant be placed on probation for a period of _____.

   ☐ The prosecutor will not oppose the Court's suspending the sentence given to defendant and placing defendant on probation.

4. ☒ (Any other matters agreed upon.) __Restitution of $50, $50 VCF, Court Costs, Attorney's fees__

_____

_____

_____

__8/18/95__
Date

__Mark John Christensen__
Signature of Defendant's Counsel

__James Henley__
Signature of Defendant

__Teresa L. Rogers__
Signature of Prosecutor

Sample Form 67, ARCrP

Having reviewed the above agreement entered into by the defendant and the prosecutor, and having reviewed the presentence report, the Court hereby:

- ☐ Accepts the Plea Agreement. The disposition provided herein will be embodied in the judgment and sentence.

- ☐ Rejects the Plea Agreement; therefore, the plea agreement does NOT bind the defendant, the prosecutor, or the Court to any of the above provisions.

### Notice to Defendant

Since the agreement has been rejected, you may withdraw your offer to the prosecutor to plead guilty to the charged offense. If you do decide to plead guilty, the disposition of the case may be either more of less favorable to you than contemplated in the agreement.

The Court will allow the prosecutor to change his recommendation and the parties may submit further plea agreements for the Court's consideration.

_____   _____
Date                                             Judge

I, Roger A. Powell, Circuit Clerk, hereby certify this is a true and correct copy on file in this office. Dated this the 14th day of January, 2013

*Roger A. Powell*
Roger A. Powell, Circuit Clerk

| State of Alabama<br>Unified Judicial System<br>Form C-43/44(front) Rev. 10/91 | EXPLANATION OF RIGHTS AND<br>PLEA OF GUILTY<br>(Felony -- Circuit or District Court) | Case Number<br>CC-95-162 |
|---|---|---|

IN THE ____CIRCUIT____ COURT OF ____COVINGTON____ COUNTY

STATE OF ALABAMA v. ____James Wayne Henley____
                                                              Defendant

## TO THE ABOVE-NAMED DEFENDANT:

This is to inform you of your rights as a defendant in this criminal case. Under the charging instrument filed against you in this case, you are charged with the crime of ____Rape II____ which is a Class __B__ Felony. In the event you plead guilty to the above crime or are found guilty, the law provides for punishment by imprisonment in the penitentiary for not less than ____2 years____ nor more than ____20 years____ for such offense and/or by imposition of a fine of not less than $ ____0____ nor more than $ ____10,000.00____, including the following enhanced sentencing provisions: _____

FILED IN OFFICE
AUG 18 1995
CLERK

If you have previously been convicted of any one (1) felony, then the imprisonment term must be not less than ____10 years____ nor more than ____99/Life____ and/or a fine not to exceed $ ____20,000.00____ may be imposed. Likewise, if the State proves that you have been convicted of two (2) prior felonies, then the punishment imposed will be a term of imprisonment for not less than ____15 years____ nor more than ____Life____ and/or a fine not to exceed $ ____20,000.00____ may be imposed. And, if the State proves that you have been convicted of three (3) or more prior felonies, then the imprisonment must be for not less than ____Life____ nor more than ____Life____ and/or a fine not exceeding $20,000.00 may be imposed. If you have been sentenced to imprisonment for another crime, the sentence imposed in this case may run consecutively or concurrently with your other sentence.

You will also be assessed court costs and may be ordered to pay restitution in an amount determined by the Court.

In accordance with §15-23-17, *Code of Alabama 1975*, you will be ordered to pay a victim compensation assessment of not less than $50.00 nor more than $10,000.00.

If you are convicted for a violation of §§13A-12-202, 13A-12-203, 13A-12-204, 13A-12-211, 13A-12-212, 13A-12-213, 13A-12-215, or 13A-12-231, *Code of Alabama 1975*, you will be assessed an additional penalty of $1,000.00 if you are a first offender, or $2,000.00 if this is your second or subsequent offense. Collection of this penalty may be suspended if you agree to enter a drug rehabilitation program approved by the Court and if you agree to pay for all or some portion of the costs of the program. Upon successful completion of the program, you may apply to the Court to reduce the penalty by the amount you actually paid for your participation in the program. If your participation in the program is terminated for any reason before you successfully complete the program, the Court will take action to collect immediately the entire penalty.

If you are charged with an alcohol or drug-related offense, and if you plead guilty or are found guilty, you will be required to undergo an evaluation for alcohol or drug abuse. Based on the results of the evaluation, you will be required to complete the recommended education or treatment and to pay for the evaluation and education or treatment program to which you are referred. Failure to complete the recommended program, which includes paying for it and the evaluation, will be considered a violation of probation or parole. You may be required to attend monitoring sessions with a court referral officer and to pay a monitoring fee. These monitoring sessions would include random alcohol or drug testing. Any person determined to be indigent by the Court may request a waiver of all or part of the fees in this paragraph. If you become able to pay during the course of monitoring, education or treatment, or at another future date, the waiver of fees may be revoked. The Court may order you to perform community service instead of payment of the fees in this paragraph if you are indigent.

| Form C-43/44 (back)   Rev. 10/91 | EXPLANATION OF RIGHTS AND PLEA OF GUILTY<br>(Felony -- Circuit or District Court) |
|---|---|

**IF YOU HAVE NOT BEEN INDICTED, BY ENTERING A PLEA OF GUILTY IN THIS COURT YOU ARE WAIVING AN INDICTMENT BY A GRAND JURY AND YOU ARE PLEADING GUILTY PURSUANT TO AN INFORMATION FILED BY THE DISTRICT ATTORNEY WHEREIN THE CHARGE AGAINST YOU IS SET FORTH. YOU ARE WAIVING A TRIAL BY JURY AND THE FOLLOWING RIGHTS TO WHICH YOU ARE ENTITLED IN THE EVENT OF A TRIAL:**

Under the Constitutions of the United States and the State of Alabama, you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case, you have the right to take the witness stand and testify on your own behalf, if you so desire, but no one can require you to so testify. If you testify, you can be cross-examined by the State. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand trial on your plea of not guilty and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

In the trial of your case, your attorney could subpoena witnesses on your behalf, make legal objections to matters that your attorney felt were objectionable, cross-examine the witnesses of the State, examine your own witnesses, and argue the matter before the jury. Your attorney would be bound to do everything that he or she could honorably and reasonably do to see that you obtain a fair and impartial trial.

In the trial of your case, you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the State convinces each juror, beyond a reasonable doubt, of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror, from the evidence in the case, that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the State does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

You have the right to enter a plea of "guilty," "not guilty," "not guilty by reason of mental disease or defect," or "not guilty and not guilty by reason of mental disease or defect."

**IF YOU PLEAD GUILTY, THERE WILL BE NO JURY TRIAL OR TRIAL ON THE ISSUE OF YOUR GUILT AND YOU WILL BE WAIVING THE RIGHTS LISTED ABOVE. YOU STILL, HOWEVER, HAVE THE RIGHT TO APPEAL.**

The Court will go over these rights, as well as the nature of the charge and the elements of the offense, with you. If you have any questions about any of them, upon your request, the judge will make a further explanation to you.

I, Roger A. Powell, Circuit Clerk, hereby certify this is a true and correct copy on file in this office. Dated this the 14th day of January, 2013.

_Roger A. Powell_
Roger A. Powell, Circuit Clerk

| Date | Judge |
|---|---|

I state to the Court that I have had the matters and rights set forth above read to me, that my attorney has discussed these matters and rights with me in detail and that I, the defendant, fully understand them; that I am not under the influence of any drugs, medicines or alcoholic beverages and have not been threatened or abused or offered any inducement or hope of reward to get me to plead guilty other than _____.

I further state to the Court that I am guilty as charged in this case, desire to plead guilty, and knowingly, voluntarily and intelligently waive my right to a trial of this cause.

| 8/18/95 | _James Henley_ |
|---|---|
| Date | Defendant |

I certify that the above rights were read to the defendant by me, that I discussed such rights with the defendant, in detail, and that a copy of the above rights was given to the defendant by me. Having gone over the defendant's rights and the consequences of entering a plea of guilty with the defendant, in my judgment, the defendant understands those rights and knowingly, intelligently and voluntarily waives the right to a trial and knowingly, voluntarily and intelligently enters a plea of guilty.

| 8/18/95 | _Mark John Christensen_ |
|---|---|
| Date | Attorney for Defendant |

# PLEA AGREEMENT

☒ State of Alabama  
☐ Municipality of _____

Case Number: CC-95-162

_____

v.

James Wayne Henley  
Defendant

STATE OF ALABAMA

In the ____CIRCUIT____ Court

of ____COVINGTON____ County

[The City/Town of _____]

---

After discussion and negotiation between the parties, after a full explanation of rights has been given to defendant as evidenced by the attached Explanation of Rights form, and after such disclosure of information between the parties as each deems sufficient, it is agreed in this case, subject to acceptance by the Court, that:

1. Defendant will enter a plea of guilty:

   ☒ As charged in the complaint/information/indictment.

   ☐ To the charge of _____ and the Prosecutor will move for dismissal with prejudice of all other offenses charged in the complaint/information/indictment.

   **FILED IN OFFICE**
   AUG 18 1995
   _Roy A. Powell_
   CLERK

2. ☒ The prosecutor will recommend to the Court that the defendant be given a sentence of __15 years__.

   ☐ The prosecutor will not oppose the Court's giving the defendant a sentence of _____.

3. ☐ The prosecutor will recommend to the Court that the sentence given to defendant by the Court be suspended and the defendant be placed on probation for a period of _____.

   ☐ The prosecutor will not oppose the Court's suspending the sentence given to defendant and placing defendant on probation.

4. ☒ (Any other matters agreed upon.) Restitution of $50, $50 VCF, Court Costs, Attorney's fees

_____

_8/18/95_  
Date

_Mark John Christensen_  
Signature of Defendant's Counsel

_James Henley_  
Signature of Defendant

_Virginia L. Rogers_  
Signature of Prosecutor

Sample Form 67, ARCrP

Having reviewed the above agreement entered into by the defendant and the prosecutor, and having reviewed the presentence report, the Court hereby:

- ☐ Accepts the Plea Agreement. The disposition provided herein will be embodied in the judgment and sentence.

- ☐ Rejects the Plea Agreement; therefore, the plea agreement does NOT bind the defendant, the prosecutor, or the Court to any of the above provisions.

### Notice to Defendant

Since the agreement has been rejected, you may withdraw your offer to the prosecutor to plead guilty to the charged offense. If you do decide to plead guilty, the disposition of the case may be either more of less favorable to you than contemplated in the agreement.

The Court will allow the prosecutor to change his recommendation and the parties may submit further plea agreements for the Court's consideration.

_____          _____
Date                            Judge

I, Roger A. Powell, Circuit Clerk, hereby certify this is a true and correct copy on file in this office.
Dated this the _14th_ day of _January_, 20_13_

_Roger A. Powell_
Roger A. Powell, Circuit Clerk